**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSAY JENKINS, | No. 11-35258 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00052-TSZ |
| v. | |
| JP MORGAN CHASE BANK, doing business as Washington Mutual, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Lindsay Jenkins appeals pro se from the district court's judgment dismissing

her diversity action arising out of foreclosure proceedings. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Jenkins' action because, under the Purchase and Assumption Agreement between JP Morgan Chase Bank ("Chase") and the Federal Deposit Insurance Corporation ("FDIC"), Chase did not assume any liability associated with borrower claims against Washington Mutual. *See* 12 U.S.C. § 1821(d)(2)(G)(i)(II) (authorizing FDIC to transfer "any asset or liability" of the failed bank); *see also W. Park Assocs. v. Butterfield Sav. & Loan Ass'n*, 60 F.3d 1452, 1458 (9th Cir. 1995) (recognizing FDIC's authority to limit liabilities assumed by a purchasing bank through a Purchase and Assumption Agreement).

We do not consider Jenkins' allegations regarding Chase's alleged misconduct after it acquired Washington Mutual's assets because Jenkins failed to raise them properly in the district court. *See Palmer v. IRS*, 116 F.3d 1309, 1312-13 (9th Cir. 1997).

Jenkins' request for judicial notice is denied.

**AFFIRMED.**